IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BELINDA GONZALES** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **THE CIT GROUP/CONSUMER** | : | |
| **FINANCE, INC., et al.** | : | NO.  07-4156 |

<u>MEMORANDUM AND ORDER</u>

**NORMA L. SHAPIRO, S.J.**                                                                 October 29, 2008

This action arises from a mortgage transaction between plaintiff Belinda Gonzales and defendant The CIT Group/Consumer Finance, Inc. ("CIT").[1]  The matter comes before the court on defendants CIT's and Countrywide Home Loan Inc.'s ("Countrywide") (collectively "Defendants") motion for partial summary judgment.  The motion will be granted.

I.      **Facts and Procedural History**

The following facts are not in dispute.  To finance the home repairs to her residence, Ms. Gonzales entered into a loan transaction with CIT on January 22, 2004 .  (Complaint at ¶¶ 13-15, 26.)  On January 9, 2007, counsel for Ms. Gonzales sent a letter to Defendants purporting to rescind the loan transaction.  (Complaint at ¶ 74.)  Defendants refused plaintiff's request for rescission.  On October 3, 2007, Ms. Gonzales filed an eight count complaint alleging, <u>inter alia</u>,[2] that Defendants failed to disclose material terms of the mortgage contract in compliance with

---

[1]  The other defendants are Calvin Harris D/B/A/ Philadelphia Home Improvement Outreach Program, Allied Construction & Development , Inc., Countrywide Home Loans Inc., John Doe Trustee, John Doe Trust and John Does #'s 1-100.  Plaintiff's actions against John Doe Trustee, John Doe Trust and John Does #'s 1-100 were dismissed on June 26, 2008.  (Docket No. 15.)

[2]  Five of plaintiff's claims arise under state law and were severed and stayed.  (Docket No. 15.)

federal law.

Defendants move for partial summary judgment on Counts I, II and III of the complaint on statute of limitations grounds. Plaintiff stipulates to the dismissal of Count III. Plaintiff claims Counts I and II were timely filed because Defendants' failure to comply with 12 C.F.R. 226.23 (b) (1) extends the statute of limitations. Plaintiff alleges Defendants failed to deliver two copies of the notice of the right to rescind in violation of 12 C.F.R. 226.23 (b) (1).

**II.     Discussion**

Summary judgment should be rendered if the pleadings, discovery, disclosure materials and any affidavits on file show there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party bears the burden of proving the absence of a genuine issue of material fact. ABB Automation Inc. v. Schlumberger Resource Management Serv., Inc., 254 F. Supp. 2d. 479, 481 (3d Cir. 2002). The court views the underlying facts and all reasonable inferences in the light most favorable to the nonmoving party. Id. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of that party's case with respect to which it bears the burden of proof, summary judgment should be granted. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A defendant is entitled to summary judgment where the plaintiff's cause of action is barred by the statute of limitations. See Vitalo v. Cabot Corp., 399 F.3d 536, 543 (3d Cir. 2005).

Counts I and II of the complaint arise under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, et seq., Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15

U.S.C. § 1639 and Regulation Z of the Federal Reserve Board ("Regulation Z"), 12 C.F.R. §§ 226.1 et seq.  Plaintiff seeks rescission of the loan transaction and actual and statutory damages.

    A.    **Plaintiff's Claim for Rescission**

Under TILA, a borrower has the right to rescind certain consumer credit transactions

> until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section . . ., whichever is later, by notifying the creditor, in accordance with regulations of the Board, of his intention to do so.

15 U.S.C. § 1635 (a).  If the consumer has not been provided the required rescission forms, which provide the consumer notice of the right to rescind,

> the right to rescind shall expire 3 years after consummation, delivery of the notice required by paragraph (b) of this section [notice of the right to rescind], or delivery of all material disclosures, whichever occurs last.

12 C.F.R. § 226.23 (a) (3).  Regulation Z requires the creditor to deliver two copies of the notice of right to rescind to each consumer entitled to rescind and specifies the information that the creditor must include in the notice.  12 C.F.R. § 226.23 (b) (1).

Defendants believe plaintiff's rescission claim is untimely because the three-day limitations period under 15 U.S.C. § 1635 (a) applies and plaintiff failed to notify them of her intention to rescind until January 9, 2007.  Defendants claim to have complied with 12 C.F.R. § 226.23 (b) (1) by delivering to plaintiff two copies of the required rescission form on January 22, 2004.  Plaintiff believes her rescission claim is timely because the three-year limitations period under 12 C.F.R. § 226.23 (a) (3) applies and she filed her claim within three years of the loan consummation.  Plaintiff claims that Defendants failed to comply with 12 C.F.R. § 226.23 (b) (1) by delivering one copy of the rescission form rather than two.

Defendants support their motion for partial summary judgment with evidence that

plaintiff received two copies of the required rescission form.  Exhibit C, attached to Defendants' memorandum of law, is a rescission form dated January 22, 2004 and titled "Notice of Right to Cancel."  The Notice of Right to Cancel complies with the substantive requirements of 12 C.F.R. § 226.23 (b) (1) because it provides instructions on how to cancel the transaction including a form for that purpose designating the address of the creditor's place of business and states that the impending transaction will result in a security interest on plaintiff's home, plaintiff has the legal right to cancel the transaction, the effects of canceling the transaction and the date on which the rescission period expires.  Ms. Gonzales' signature appears below the following sentence: "The undersigned each acknowledge receipt of two completed copies of this Notice of Right to Cancel."  Plaintiff does not deny it is her signature.

Counsel for plaintiff contends that, contrary to the written acknowledgment, only one copy of the Notice of Right to Cancel "wound up in the hands of Plaintiff, the borrower." (Plaintiff's Memorandum at 13.)  TILA addresses the effect of written acknowledgments of receipt, such as the Notice of Right to Cancel produced by Defendants:

> Notwithstanding any rule of evidence, written acknowledgment of receipt of any disclosures required under this title [15 U.S.C. §§ 1601 et seq.] by a person to whom information, forms, and a statement is required to be given pursuant to this section does no more than create a rebuttable presumption of delivery thereof.

15 U.S.C. § 1635 (c).  Plaintiff's written acknowledgment of the Notice of Right to Cancel creates the presumption that plaintiff received two copies of the document.  To meet her burden of rebutting this presumption, plaintiff submits Exhibit A, a document titled "Closing Package Document Checklist" ("Closing Checklist") dated January 22, 2004.  The Closing Checklist identifies several documents including a "Notice of Right to Cancel," names "Belinda M Gonzales" as the borrower and states the following: "This page contains a list of all loan

documents which are intended to be included with this transmittal." Plaintiff contends the Closing Checklist is sufficient to rebut the presumption that she received two copies because it: (a) purports to be an exhaustive list of documents given to plaintiff at closing; (b) expresses the "Notice of Right to Cancel" in the singular form rather than the plural; and (c) does not state that two copies were enclosed in the closing package. Based solely on the Closing Checklist, plaintiff claims whether Defendants provided plaintiff with two copies of the rescission form is a genuine issue of material fact.

Viewing the pleadings, discovery and disclosure materials in a light most favorable to plaintiff, there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law on plaintiff's rescission claim. Defendants produced written acknowledgment by plaintiff that she received two copies of the Notice of Right to Cancel on January 22, 2004 in compliance with 12 C.F.R. § 226.23 (b) (1).

On a motion for summary judgment, the nonmoving party must come forward with evidence setting forth specific facts showing that there is a genuine issue for trial. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Plaintiff has failed present evidence sufficient to rebut the presumption of delivery. Absent from the record is any sworn statement from Ms. Gonzales or other witness that plaintiff received one copy rather than two. Plaintiff relies entirely on the assertions of counsel and the Closing Checklist. No reasonable jury could conclude, on the basis of the Closing Checklist alone, that plaintiff received one copy rather than two. The three-day limitations period under 15 U.S.C. § 1635 (a) applies and commenced on January 22, 2004, the date plaintiff received the Notice of Right to Cancel. Plaintiff is not entitled to rescission because her letter demanding

rescission on January 9, 2007 was untimely.

### B.     Plaintiff's Claims for Actual and Statutory Damages

Plaintiff's claims for actual and statutory damages are based on the alleged failure of Defendants to honor plaintiff's right of rescission. See e.g., Plaintiff's Memorandum at 14 ("If Plaintiff proves that she was not provided with two (2) Notices of Right to Cancel at closing, she is entitled to rescission, and she would also be entitled to actual and statutory damages for Defendant's failure to rescind."). However, if plaintiff's mortgage transaction is ineligible for rescission, then she is not entitled to actual or statutory damages for Defendants' refusal to rescind.

For the reasons explained above, plaintiff's right to rescind expired at midnight on January 27, 2004, the third business day following consummation of the mortgage transaction. On January 9, 2007, when she notified Defendants of her intention to rescind the transaction, plaintiff was ineligible for rescission. Defendants had no obligation to respond to plaintiff's letter and she is not entitled to damages for Defendants' refusal to rescind.[3]

### C.     Plaintiff's State Law Claims

Counts IV through VIII of the complaint asserting state law claims were severed and stayed pending the outcome of plaintiff's federal claims. A federal district court may decline to exercise supplemental jurisdiction over claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367 (c) (3). In deciding whether to exercise supplemental jurisdiction, the court should consider "judicial economy, convenience, and fairness to the

---

[3] Defendants argue that plaintiff's claims for damages are time barred under 15 U.S.C. § 1640 (a) (2) (A) because plaintiff failed to bring her claim within one year of the violation. (Defendants' Memorandum at 5-7.) Because there was no violation of TILA or HOEPA, this statute of limitations defense is moot.

litigants." United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966); Growth Horizons, Inc. v. Delaware County, Pennsylvania, 983 F.2d 1277, 1284 (3d Cir. 1993). The court has dismissed all plaintiff's federal claims and has not heard the evidence necessary to decide her state law claims. Judicial economy is served if plaintiff's state law claims are brought in state court and the court declines to exercise jurisdiction over those claims. Counts IV through VIII of the complaint will be dismissed without prejudice.

## CONCLUSION

The court will grant Defendants' motion for partial summary judgment. Plaintiff is not entitled to rescission because she failed to notify Defendants of her intention to rescind within the three-day 15 U.S.C. § 1635 (a) limitations period. Plaintiff is not entitled to damages resulting from Defendants' refusal to honor her rescission request because the request was untimely. The court declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

An appropriate order will follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BELINDA GONZALES** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **THE CIT GROUP/CONSUMER** | : | |
| **FINANCE, INC., et al.** | : | NO. 07-4156 |

## ORDER

AND NOW, this 29th day of October, 2008, upon consideration of defendants The CIT Group/Consumer Finance, Inc.'s and Countrywide Home Loan Inc.'s Motion for Partial Summary Judgment (paper no. 17) and plaintiff Belinda Gonzales' opposition thereto (paper no. 23), for the reasons stated in the accompanying memorandum, IT IS ORDERED that

1.  The Motion for Partial Summary Judgment is **GRANTED**.

2.  Counts I, II and III of the complaint are **DISMISSED WITH PREJUDICE**.

3.  Counts IV, V, VI, VII and VIII of the complaint are **DISMISSED WITHOUT PREJUDICE**.

4.  The clerk of court shall mark this action closed for statistical purposes.

                                                            /s/ Norma L. Shapiro
                                                                                                                 S.J.